**SIGNED this 29 day of April, 2022.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HOOD LANDSCAPING | ) | |
| PRODUCTS, INC. | ) | Chapter 11 Proceeding |
| | ) | |
| Debtor, | ) | Case Number: 19-70644- JTL |
| _____ | ) | _____ |
| | ) | |
| KELLEY, LOVETT, | ) | |
| BLAKEY & SANDERS P.C. | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUARDIAN BANK | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION ON THE REQUEST FOR WRIT OF
EXECUTION BY KELLEY, LOVETT, BLAKEY & SANDERS P.C.
AND OBJECTION BY GUARDIAN BANK**

1

I.  **PROCEDURAL POSTURE AND FACTS PLED**

Hood Landscaping Products filed for Chapter 11 bankruptcy on June 3, 2019, and on June 25, 2019, the Court approved Kelley, Lovett, Blakey, & Sanders P.C. ("KLBS") as counsel for the Debtors. (Docs. 1, 17). KLBS filled two motions for compensation, one in October 2019 and one in March 2021 and the Court entered orders approving compensation. (Docs. 91, 118, 331, 336).  On March 7, 2022, KLBS filed a writ of execution against Hood Landscaping Products listing the judgment amount as "$28,354.20 orders from dkt 118 and 336." (Doc. 536). Guardian Bank objected to issuance of a writ of execution to KLBS for its attorneys' fees on March 7, 2022. (Doc. 537). Both parties submitted briefs to the Court and the Court heard final arguments on the matter on April 27, 2022. (Docs. 555, 556, 559, 560).

II.  **DISCUSSION**

In its objection, Guardian Bank argues that a writ of execution is inappropriate for the collection of attorneys' fees in a bankruptcy case. This Court agrees.

Rule 7069 incorporates the Federal Rule of Civil Procedure 69 which states, "a money judgment is enforced by a writ of execution…" KLBS argues that a final order awarding attorneys' fees is a judgment under the definition of Bankruptcy Rule of Civil Procedure 7054. However, their argument focuses merely on whether the award is a judgment but fails to qualify an award for attorneys' fees as a money judgment. Assuming the word "money" in "money judgment" is surplus language violates the cannons of statutory interpretation. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal quotations omitted).

The Eleventh Circuit distinguished the broader definition of judgment from a money judgment in *Ziino v. Baker*, 613 F.3d 1326 (11th Cir. 2010). Mr. Ziino had an allowed claim against his former domestic partner, the debtor, and requested a writ of execution against the debtor's assets based on that claim. *Id.* at 1327. On appeal, the Eleventh Circuit denied Mr. Ziino's request for writ finding that a claim against a bankruptcy estate is not a monetary judgment for purposes of Rule 7069. *Id.* at 1329. The Court found that Mr. Ziino possessed an allowed claim, not a monetary judgment, and issuing a writ for an allowed claim would be inappropriate. *Id.* While Mr. Ziino had a non-administrative claim in that case, courts that have addressed writs of execution for attorneys' fees have followed the *Ziino* decision and found writs of execution for that the purpose of collecting attorneys' fees inappropriate. *See In re Soelberg*, 2019 WL 3805980 (Bankr. D. Idaho 2019); *In re Trigee Foundation Inc.*, 2017 WL 3190737 (Bankr. D.C. 2017); *In re 3019, LLC*, 2014 WL 1655415 (Bankr. D.C. 2014).

Further, KLBS's motions for compensation were contested matters, not adversary proceedings and adversary proceedings are the only appropriate channel for receiving a money judgment in a bankruptcy case. Applications for compensation are contested matters, not matters brought under Federal Rule of Bankruptcy Procedure Rule 7001. *See generally In re Torres*, 2020 WL 889347 (Bankr. D.P.R. Feb. 24, 2020). This Court has previously denied granting a money judgment to a party because the matter was not brought as an adversary proceeding under Rule 7001. *In re Doll & Doll Motor Co*. 448 B.R. 107. (Bankr. M. D. Ga., 2011). *See also In re Montgomery*, 262 B.R. 772, 775 (B.A.P. 8th Cir. 2001) (finding the bankruptcy court should have stopped a hearing on a motion for relief from the stay during which a party may have had a colorable claim to recover property because it was not brought as an adversary proceeding); *In re Estes*, 185 B.R. 745 (Bankr. W.D. Ky. 1995) (remanding a debtor's request for turnover of

3

property because it was not brought as an adversary proceeding*); In re Lionel Corp.,* 23 B.R. 224, 225 (Bankr. S.D.N.Y. 1982) (finding a motion requesting the court to order a debtor to pay expenses due "procedurally defective" because it was not brought as an adversary proceeding). Without bringing an adversary proceeding, KLBS could not have been entitled to a money judgment and would not be entitled to a writ of execution under Rule 7069.

KLBS argues that Federal Rule of Bankruptcy Proceeding Rule 9014(c) applies Rule 7069 to contested matters. Rule 9014(c) applies several discovery rules from Part VII of the Rules to contested matters and a request for attorneys' fees is a contested matter; Rule 7069 includes a provision discussing obtaining discovery in the aid of judgment or execution. Rule 9014(c), however, does not apply Rule 7070 in contested matters, and Rule 7070 gives the Court the power to divest the party of property. Because Rule 7070 does not apply in contested matters, the Court does not have the authority to enter a writ of execution in a contested matter, only in an adversary proceeding.

A writ of execution for attorneys' fees in a bankruptcy case would also violate the priority rules outlined in the Bankruptcy Code. By levying a debtor's property, an attorney could move from having an administrative expense claim to a secured claim. The Supreme Court has stated, "[t]he priority system applicable to those distributions has long been considered fundamental to the Bankruptcy Code's operation." *Czyzewski v. Jevic Holding Corp*., 137 S. Ct. 973, 984 (2017). Court cannot permit actions that violate the priority system outlined in the Bankruptcy Code. Therefore, the Court cannot allow an attorney to circumvent the priority system by transforming an administrative claim into a secured claim by issuing a writ of execution.

Finally, the *Motion for Compensation for Services Rendered and Reimbursement of Expenses* and *the Second Motion for Compensation for Services Rendered and Reimbursement of Expenses* both request the expenses under § 503 of the Bankruptcy Code which calls for the allowance of administrative expenses. (Docs. 91, 331). The Court will not allow a party to transform the relief sought after already requesting and receiving relief from the Court, especially when the party's own motion was granted previously in the case.

### III.   CONCLUSION

For the reasons set forth above, KLBS's request for a writ of execution against Hood Landscaping Products, Inc. is denied, and Guardian Bank's objection is sustained. An order will be entered accordingly.

END OF DOCUMENT